UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOHN D'AGOSTINI, et al.,<br><br>　　　　　Respondents. | No.  2:21-cv-00890-DAD-JDP (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION FOR FAILURE TO PROESCUTE, FAILURE TO STATE A CLAIM, AND FAILURE TO COMPLY WITH A COURT ORDER</u><br><br>(Doc. No. 20) |

　　　　Petitioner Norman John Craig is a state prisoner proceeding *pro se* in this action, in which petitioner initially filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, though petitioner subsequently suggested that his intent was to bring a civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. Nos. 1, 3, 5, 10.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On October 7, 2022, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed due to petitioner's failure to prosecute, failure to comply with a court order, and failure to state a cognizable claim for federal habeas relief or a cognizable § 1983 claim.  (Doc. No. 20.)  In particular, on June 9, 2022, the court had ordered petitioner to file either an amended habeas petition, a § 1983 complaint, or a notice of voluntary dismissal of this action.  (Doc. No. 18.)  Petitioner was warned that his failure to comply with that

order would result in a recommendation that this action be dismissed. (*Id.* at 2.) To date, petitioner has not complied with the June 9, 2022 order or otherwise communicated with the court. The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Doc. No. 20 at 2.) To date, petitioner has not filed any objections and the time in which to do so has passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 7, 2022 (Doc. No. 20) are adopted in full;

---

[1] Both the June 9, 2022 order and the October 7, 2022 findings and recommendations were served on petitioner by mail at his address of record, and neither were returned to the court as undeliverable.

2. The petition for writ of habeas corpus (Doc. Nos. 1, 10) is dismissed;

3. This action is dismissed, without prejudice, due to petitioner's failure to comply with a court order, failure to prosecute, and failure to state a cognizable claim for relief;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 1, 2022**

Dale A. Drozd
UNITED STATES DISTRICT JUDGE